IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORTH STAR SALES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> STRAWFISH, LLC <br><br> and <br><br> JILLIAN CARTY <br><br> Defendants. | Civil Action No. |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446, Defendants StrawFish, LLC ("StrawFish") and Jillian Carty ("Ms. Carty") (collectively, "Defendants") hereby remove this action from the Court of Common Pleas of Bucks County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. In support of their Notice of Removal, Defendants state as follows:

I.  **THE STATE COURT ACTION AND PROCEDURAL HISTORY**

1. On or about January 19, 2026, Plaintiff North Star Sales, Inc. ("Plaintiff" or "North Star") commenced a civil action (the "Action") by filing a Complaint and Demand for Jury Trial (the "Complaint") in the Court of Common Pleas of Bucks County, Pennsylvania, Case Number 2026-00305. A true and correct copy of the Complaint is attached hereto as **Exhibit A.**

2. In the Complaint, Plaintiff alleges that StrawFish and Ms. Carty breached the restrictive covenants contained in agreements that they each had with Plaintiff when StrawFish hired Ms. Carty on or about October 1, 2025. Complaint ("Compl.") at ¶¶ 8-27.

3. As a result of these and other alleged facts, Plaintiff asserts claims for: (1) breach of contract against StrawFish; (2) breach of contract against Ms. Carty; and (3) tortious interference with existing contractual relations against StrawFish. *Id.* at ¶¶ 1-48.

4. Ms. Carty was served with a copy of the Complaint on January 24, 2026, and StrawFish was served with a copy of the Complaint on January 26, 2026. A true and correct copy of the Certificates of Services are attached hereto as **Exhibit B**.

5. Defendants remove the Action pursuant to 28 U.S.C. §§1322(a) over this matter because the suit is between citizens of different states and, upon information and belief, the amount in controversy is more than $75,000.

## II.   STATUTORY REQUIREMENTS FOR REMOVAL UNDER DIVERSITY JUSRIDICTION ARE MET

6. This Court has diversity jurisdiction under 28 U.S.C. §§1322(a) over this matter because the suit is between citizens of different states and the amount in controversy is more than $75,000.

### A.   Complete Diversity of Citizenship Exists Between the Parties.

7. For the purposes of diversity jurisdiction, "[a] corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015).

8. At all relevant times, North Star has been a citizen of Pennsylvania. Compl. at ¶ 3.

9. For the purpose of diversity jurisdiction, a limited liability company "is a citizen of any state in which its members are citizens." *VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 282 (3d Cir. 2014); *see also Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("the citizenship of an LLC is determined by the citizenship of its members").

10. At all relevant times, StrawFish has been a limited liability company with sole member, Carbonwise Inc.

11. At all relevant times, Carbonwise Inc. has been a citizen of Delaware.

12. For the purpose of diversity jurisdiction, individuals are citizens of the state in which they are domiciled, which is established by, among other things, an individual's residency in a particular state. *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

13. At all relevant times, Ms. Carty has been a citizen of Maryland.

14. Therefore, complete diversity of citizenship between the parties.

        **B.**    **The Amount in Controversy Is Satisfied**.

15. Under 28 U.S.C. § 1446(a), a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.

16. A defendant is not required to submit evidence establishing the amount in controversy unless the plaintiff contests or the court questions the defendant's allegation. *Zanetich v. Wal-Mart Stores E., Inc.*, 123 F.4th 128, 137 (3d Cir. 2024) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014)).

17. When a complaint does not specify a numerical value of damages sought, a defendant may rely on information and belief to allege the amount in controversy. *See Dart Cherokee*, 574 U.S. at 84.

18. Indeed, where a complaint is silent as to damages but seeks punitive damages, a good-faith allegation based on information and belief that the amount in controversy exceeds $75,000 is plainly sufficient. *Polanco v. Amguard Ins. Co.*, No. CV 18-0331-CFC, 2018 WL 6380707, at *4 (D. Del. Dec. 6, 2018).

19. Plaintiff's Complaint is silent as to the amount in damages Plaintiff is seeking.

20. However, Plaintiff Complaint sets forth that Plaintiff seeks compensatory damages, punitive damages, and attorney's fees for three separate claims. *See id.* at 7.

21. Therefore, although Defendants expressly deny that Plaintiff is entitled to any relief, it is nonetheless clear that the amount in controversy requirement for purposes of establishing diversity jurisdiction has been met.

### III. REMOVAL PROCEDURE

22. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after Ms. Carty accepted service of the Complaint on January 24, 2026. *See* Ex. A.

23. Removal to this Court is proper because the Action was filed in this Court's district pursuant to 28 U.S.C. § 1446(a).

24. A copy of the only pleading filed with the Court of Common Pleas, Bucks County, Pennsylvania (the Complaint) is attached as Ex. A.

25. A copy of the state court's docket sheet is attached hereto as Exhibit C.

26. Written notice of the filing of this Notice of Removal will be given promptly by Defendants as specified in the attached Certificate of Service, as required by 28 U.S.C. § 1446(d).

27. A copy of this Notice of Removal will be filed promptly by Defendants in the Court of Common Pleas of Bucks County, Pennsylvania in accordance with 28 U.S.C. §1446(d).

### IV. CONCLUSION

28. Based on the foregoing, the United States District Court for the Eastern District of Pennsylvania has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), and this

action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a).

29. By filing this Notice of Removal, Defendants do not waive, and expressly reserve, their rights to assert any and all defenses and/or objections to which they may be entitled.

30. In addition, in the event that Plaintiff seeks to remand this case, or that this Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

**WHEREFORE**, Defendants StrawFish, LLC and Jillian Carty, respectfully remove this action now pending in the Court of Common Pleas of Bucks County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**BLANK ROME LLP**

Dated: February 23, 2026     By:     */s/ Stephanie Gantman Kaplan*
Stephanie Gantman Kaplan
Gabrielle I. Weiss, Esq.
One Logan Square
Philadelphia, PA 19103
(t) (215) 569-5466
(f) (215) 832-5466
Steph.kaplan@blankrome.com
Gabrielle.weiss@blankrome.com

*Counsel for Defendants*
*Strawfish, LLC and Jillian Carty*

*Counsel for Defendants StrawFish, LLC and Jillian Carty*

5

## CERTIFICATE OF SERVICE

*I*, Stephanie Gantman Kaplan, hereby certify that a true and accurate copy of the foregoing Notice of Removal was served upon the following individual via the Court's ECF system and via electronic mail:

Adam C. Lease, Esquire
Karpf, Karpf, Cerutti, P.C.
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
alease@karpf-law.com
*Attorneys for Plaintiff*

        */s/ Stephanie Gantman Kaplan*
        STEPHANIE GANTMAN KAPLAN

Dated: February 23, 2026